2020 IL App (1st) 162513-U

No. 1-16-2513

Order filed January 17, 2020

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos.    08 CR 22888 |
| | ) | 08 CR 22889 |
| MESSIAH DAVIS, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Thomas V. Gainer Jr., |
| | ) | Judge, presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1     *Held*: Summary dismissal of defendant's postconviction petition is affirmed over his contention that trial counsel was ineffective for failing to move for disclosure of the identity of a confidential informant, and that appellate counsel was ineffective for not raising this issue on direct appeal.

¶ 2     Defendant Messiah Davis appeals from the summary dismissal of his *pro se* petition for relief filed under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). He contends that the trial court improperly dismissed his petition because he stated the gist

of a constitutional claim that he was denied the effective assistance of trial counsel based on counsel's failure to move for disclosure of the identity of a confidential informant. He also claims that his appellate counsel was ineffective for failing to raise this issue on direct appeal. For the following reasons, we affirm.

¶ 3    Following a 2011 jury trial, defendant was convicted of delivery of a controlled substance (720 ILCS 570/401(c)(1) (West 2008)) and delivery of a controlled substance within 1000 feet of a school (720 ILCS 570/407(b)(1) (West 2008)). He was sentenced to respective consecutive terms of 10 and 20 years' imprisonment. We affirmed on direct appeal. See *People v. Davis*, 2015 IL App (1st) 122941-U.

¶ 4    As noted on direct appeal, this case originally involved three separate indictments. *Id.* ¶ 3. In case number 08 CR 22888, the State charged defendant with one count of delivery of a controlled substance within 1000 feet of a school and one count of delivery of a controlled substance for events that occurred on October 22, 2008. In case number 08 CR 22889, the State charged defendant with one count of delivery of a controlled substance within 1000 feet of a school and one count of delivery of a controlled substance for events that occurred on October 27, 2008. In case number 08 CR 21432, the State charged defendant with burglary of a boxcar for events that occurred on October 29, 2008.[1]

¶ 5    On February 1, 2011, the trial court granted defendant's motion to join case numbers 08 CR 22888 and 08 CR 22889.

---

[1] The parties proceeded to a jury trial on the burglary of a boxcar charge, which resulted in a hung jury and the trial court declaring a mistrial.

¶ 6     Prior to trial, the State filed a motion for introduction of other crimes evidence of defendant's October 20, 2008 delivery of heroin. The court granted that motion. Defense counsel filed a motion for the State to produce and disclose the transactional informant. Specifically, counsel requested the transactional informant known as "C.I." in police reports. Prior to ruling on the motion, the court requested defense counsel brief additional case law. Counsel responded with a motion including additional case law. Counsel argued that the informant was present for the sale of narcotics on October 20, 2008. The State agreed to disclose the transactional informant to the other crimes evidence provided it were permitted to do so by the Chicago police. The State elaborated that if it was unable to obtain the name of the informant then the other crimes evidence would not be introduced. The record shows the name of the informant (Andre Williams) was disclosed to the defense at a later date.

¶ 7     On the date of trial, the State informed the court that Williams was not the informant for the October 20, 2008 event, after discovering this in an interview on the date of the trial. The State moved to withdraw the motion for proof of other crimes relating to the October 20, 2008 event and to "just present evidence as to the October 22nd and the October 27th deliveries which did not involve this confidential informant." Defense counsel responded that he had previously informed the State that Williams was not the confidential informant for the October 20, 2008 event. Counsel stated the informant for the October 20, 2008 event was involved in the charge stemming from the events of October 22, 2008 and argued that disclosing the incorrect name caused prejudice. The State argued that the October 22, 2008 informant was not transactional and noted the informant "called and ordered some dope for the actual transaction" but did not go out to the sale. The State also noted that the informant on October 22, was referred to as "confidential informant John Doe,"

whereas the October 20 confidential informant was called "CI" so there was no representation they were the same informant.[2] Defense counsel stated he did not make a motion for disclosure of the October 22 confidential informant because of the belief that the informant was the same person on October 20 and October 22, and the motion to reveal the confidential informant was for all dates not just October 20. The court ruled there was no prejudice to defendant because the State would not use evidence of the October 20 transaction, and at no time did the State refer to confidential informants of October 20, and October 22, as the same person.

¶ 8    At trial, Chicago police officer Todd Fell testified that on October 22, 2008, he and Officer Jessica Weir conducted a drug investigation into defendant. The officers went to the Blue Line train station at 430 South Western Avenue, where Fell approached defendant to purchase drugs. Defendant stated, "he would give [Fell] 13 for $100." After they exited the station, Fell gave defendant $100 and defendant handed him a clear plastic bag, containing numerous Ziploc bags. Fell told defendant he would need more for the weekend, and he asked for $400 worth. Defendant said he could get another 70 bags for $400 and that "he takes good care of his customers and that from now on [Fell] could go directly through him." Fell and Weir then left, and witnessed the narcotics be inventoried.

¶ 9    On October 27, 2008, Fell and Weir went to a bus stop at 230 South Western Avenue, a block away from Crane High School. After 15 to 20 minutes, Fell saw defendant in the passenger seat of a white Dodge Caliber with an Illinois license plate 9307971 that arrived in the area. Defendant asked Fell what he wanted and Fell replied he had $100. Defendant told Fell he could

_____

[2] The State in a hearing on April 19, 2011, did state there "was John Doe, a CI" involved in the October 20, 2008, narcotics sale.

get him "13 for 100 again." Defendant went out of view in the car and returned approximately 15 minutes later. Fell handed defendant $100 and then received one clear plastic bag, containing several Ziploc bags. Fell left the area and later observed the suspected narcotics be sealed in a Chicago police narcotics bag.

¶ 10 Fell narrated a video of the October 27 narcotics transaction to the jury.[3] Fell testified to placing the order to defendant, who was passenger in a car and holding drugs in his hand that appeared to be clenched on the video. Fell also explained that money in the video was payment for the narcotics.

¶ 11 On cross-examination, Fell stated the October 22 sale was set up by an informant, who called defendant that day.

¶ 12 Weir substantially corroborated Fell's testimony. She explained that her job on October 22 and October 27, was to provide surveillance and support to Fell, who purchased the narcotics. She stood next to Fell and defendant on October 22, and overheard their conversation during which defendant agreed to provide Fell with 13 bags of narcotics for $100. Weir also witnessed the transaction take place. On October 27, Weir was just behind Fell at the bus station. She observed a conversation between defendant and Fell. Then approximately 14 minutes later, she saw a hand-to-hand transaction where Fell handed defendant money and received narcotics.

¶ 13 Investigator William Marley testified that he used a measuring device to find the distance between Crane High School and 224 South Western Avenue. The distance was 814 feet.

¶ 14 The state also presented certified records from the Secretary of State that Betty Davis was the registered owner of the white Dodge Caliber with Illinois license plate 9307971. It was

---

[3] The video is not included in the record on appeal.

stipulated that Davis was defendant's mother. The parties stipulated that 6 of the 13 bags of suspected narcotics from the October 22 transaction and 8 of 13 bags of suspected narcotics from the October 27 transaction were tested at the Illinois State Police Crime Lab and each tested positive for the presence of heroin and the amount from each transaction was more than one gram.

¶ 15    Defendant recalled Fell to testify in his case-in-chief. The court, out of the presence of the jury, found that the "confidential informant thing" was a "red herring" but permitted Fell to be recalled as a witness. Fell testified that in his experience most confidential informants receive compensation, but some volunteer information or aid without receiving anything in return. He did not know if the confidential informant for the October 22 transaction received any compensation because he was not the confidential informant's handler. He did not know if the confidential informant had any pending charges. The confidential informant called defendant on October 22, but was not present during defendant's transaction with officers on October 22.

¶ 16    The jury found defendant guilty of delivery of a controlled substance on October 22, and delivery of a controlled substance within 1000 feet of a school and delivery of a controlled substance on October 27.

¶ 17    In his motion for judgment notwithstanding verdict or motion for new trial, defendant argued, in relevant part, that the court ordered the disclosure of a confidential informant and erred in allowing the trial to proceed without requiring the State to reveal and make available the informant. The court denied the motion.

¶ 18    After a hearing, the court sentenced defendant to consecutive terms of 10 years' imprisonment for delivery of a controlled substance on October 22, and 20 years' imprisonment

for delivery of a controlled substance within 1000 feet of school zone on October 27. The court merged the count of delivery of a controlled substance on October 27.

¶ 19 We affirmed defendant's convictions on direct appeal over his contention that the trial court relied on improper factors in sentencing and abused its discretion in imposing consecutive terms. See *Davis*, 2015 IL App (1st) 122941-U.

¶ 20 On May 17, 2016, defendant filed a *pro se* postconviction petition. In the petition, he alleged, in pertinent part, that he was denied effective assistance of trial counsel and appellate counsel. Specifically, he argued that his trial counsel was ineffective for failing to investigate the identity of the State's informant even after learning that it was not Williams. He also argued that his appellate counsel was ineffective for failing to raise this issue on direct appeal. Defendant attached an affidavit to his petition averring that Williams was not the informant, but it was another man. Defendant also averred that he knew the informant.

¶ 21 On July 28, 2016, the circuit court entered a written order summarily dismissing defendant's petition as frivolous and patently without merit. In doing so, the court found that defendant's allegations of ineffective assistance of trial counsel were unsupported and conclusory, and that counsel acted within his discretion.

¶ 22 Defendant appeals, arguing that the court erred in summarily dismissing his petition because his petition stated the gist of a constitutional claim that his trial counsel was ineffective for failing to move for the disclosure of the identity of the State's informant, who coordinated one of the drug transactions between defendant and the undercover officers. He also claims that appellate counsel was ineffective for failing to raise this issue on direct appeal.

¶ 23    The Post-Conviction Hearing Act (Act) permits a defendant to challenge his conviction for violations of his federal or state constitutional rights. 725 ILCS 5/122-1(a) (West 2016); *People v. English*, 2013 IL 112890, ¶ 21. The Act establishes a three-stage adjudication process. 725 ILCS 5/122-1 *et seq*. (West 2016); *English*, 2013 IL 112890, ¶ 23. A case may only be dismissed in the first stage if it is "frivolous" or "patently without merit." 725 ILCS 5/122-2.1 (West 2016); *People v. Harris*, 224 Ill. 2d 115, 125-26 (2007). A petition is frivolous or patently without merit if it has "no arguable basis either in law or in fact" and relies on "indisputably meritless legal theories" or "fanciful factual allegation[s]." *People v. Hodges*, 234 Ill. 2d 1, 16-17 (2009). If the record completely contradicts a legal theory it is meritless, and an allegation will be considered "fanciful" if it is "fantastic or delusional." *Id.* Any factual allegations not completely contradicted by the record must be taken as true and construed liberally. See *People v. Allen*, 2015 IL 113135, ¶ 25. Our review of a "first stage dismissal of a postconviction petition is *de novo*." *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010).

¶ 24    Under the United States and Illinois constitutions defendants have a right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *Strickland v. Washington*, 466 U.S. 668, 691 (1984). To prevail on a claim of ineffective assistance of counsel a defendant must show: (1) "counsel's representation fell below an objective standard of reasonableness" and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; accord *People v. Domagala*, 2013 IL 113688, ¶ 36. This standard also applies to claims of ineffective assistance of appellate counsel. *People v. Petrenko*, 237 Ill. 2d 490, 497 (2010).

¶ 25    At the first stage of postconviction proceedings "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. Deficient performance is performance that is objectively unreasonable under prevailing professional norms, and prejudice is found where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Petrenko*, 237 Ill. 2d at 496-97. Because a defendant must prove both elements, we may review the prejudice prong first. *People v. Gray*, 2012 IL App (4th) 110455, ¶ 25.

¶ 26    After reviewing the record, we find that the court did not err in summarily dismissing defendant's postconviction petition because defendant failed to present an arguable claim that he was prejudiced by trial counsel's performance. Stated differently, even assuming *arguendo* that defendant properly filed a motion for disclosure of the October 22, 2008 confidential informant, and it was granted, the result of the trial would not have been different given the evidence presented against defendant.

¶ 27    The record shows that two officers provided uncontradicted testimony that in October 2008 they were engaged in a narcotics investigation involving defendant. On October 22, Fell and Weir went to a train station where Fell approached defendant to purchase narcotics. Defendant told Fell that he would give him "13 for $100." After Fell gave defendant the money, defendant handed him a clear plastic bag containing numerous Ziploc bags. On October 27, Fell and Weir went to a bus stop where they again encountered defendant. Defendant asked Fell what he wanted and Fell replied he had $100. Defendant told Fell he could get him "13 for 100 again." Fell gave defendant the money and then received one clear plastic bag, containing several Ziploc bags. Fell also

narrated a video of the October 27 narcotics transaction. The parties stipulated that the contents of the Ziploc bags each tested positive for the presence of more than 1 gram of heroin. Finally, the State presented evidence that the car in which defendant drove on October 27 was owned by his mother. Given this overwhelming evidence of defendant's guilt, we cannot say that he was arguably prejudiced by counsel's failure to move for disclosure of the State's informant on October 22 and 27.

¶ 28    In reaching this conclusion, we are not persuaded by defendant's argument that counsel's failure to the disclose the informant resulted in prejudice because it undermined a possible entrapment defense at trial. Entrapment is an affirmative defense to a crime where the State induces the defendant to commit the crime and the defendant lacked the predisposition to commit the crime. 720 ILCS 5/7-12 (West 2008); *People v. Placek*, 184 Ill. 2d 370, 380-81 (1998).  Here, there was no evidence that the State induced defendant to commit the crime. Although in his affidavit defendant avers that he knows the informant, he does not allege that the informant induced him into an illegal act. 725 ILCS 5/122-2.1; *Hodges*, 234 Ill. 2d at 16 (a petition may be dismissed if it has no factual basis). Likewise, there is no evidence that defendant lacked the predisposition to commit the crime. Rather, Fell testified that, during the October 22 transaction, defendant told him that "he takes good care of his customers."

¶ 29    Because defendant's claim of ineffective assistance of trial counsel lacks legal merit, we conclude that defendant cannot show that appellate counsel was ineffective for failing to raise these issues on direct appeal. *People v. Easley*, 192 Ill. 2d 307, 329 (2000).  As such, the circuit court did not err in summarily dismissing defendant's postconviction petition.

¶ 30    For the reasons explained, we affirm the judgment of the circuit court.

¶ 31     Affirmed.