2020 IL App (1st) 171935-U

FIFTH DIVISION
Order filed: March 6, 2020

No. 1-17-1935

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 12 CR 19719 |
| | ) | |
| | ) | |
| KENYADA ROBERTSON, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We reversed the first stage dismissal of the defendant's postconviction petition, finding that the petition set forth an arguable claim of ineffective assistance of trial counsel for failing to investigate and interview a witness whose testimony might have established the defendant's innocence.

¶ 2    The defendant, Kenyada Robertson, appeals from an order of the circuit court of Cook County, dismissing his *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Act)

(735 ILCS 5/122-1 *et seq.* (West 2016)). In urging reversal of the circuit court's order dismissing his petition, the defendant argues that his petition stated arguable claims that his trial counsel provided ineffective assistance by (1) failing to investigate and interview a witness whose testimony would have exculpated him from any role in the crimes for which he was convicted, and (2) failing to investigate and present an expert to testify about eyewitness identifications. For the reasons that follow, we reverse the dismissal of the defendant's postconviction petition and remand the matter to the circuit court with directions.

¶ 3    The defendant was charged with the armed robbery, aggravated battery, and attempted murder of Theatric Bailey on August 6, 2012. During the course of the defendant's trial, Bailey testified that he was sitting in his car with Delshaun Woulard when the defendant entered the car through the rear door and demanded money. According to Bailey, the defendant was holding a gun. As Bailey reached for the gun, a second man approached the front passenger window of the car, pointed a gun at him, and also demanded money. Bailey stated that he placed whatever money and credit cards that he had on the front passenger's seat of his vehicle. The second man grabbed the cash and some of the credit cards and then shot Bailey two times in the stomach.

¶ 4    Woulard testified that, on August 6, 2012, at about 4:00 a.m., she was sitting in Bailey's vehicle, which was parked outside of her home in the 1500 block of Garfield Boulevard (also known as 55th Street), when the defendant entered the vehicle and sat in the rear seat. According to Woulard, she immediately exited the vehicle, at which time she noticed a second man approach the front passenger's side of the vehicle brandishing a gun. She stated that she heard the second man ask, "where those bands," followed by two gunshots.

¶ 5    When the police interviewed Bailey and Woulard on August 13, 2012, neither was able to identify anyone from a photo array they were shown. However, on October 1, 2012, the defendant

was placed in a lineup that Bailey and Woulard viewed separately. Both identified the defendant as the man who sat in the rear seat of Bailey's car holding a gun.

¶ 6 Following the defendant's trial, the jury found him guilty of attempted first degree murder, armed robbery, and aggravated battery. The trial court merged the aggravated battery conviction with the attempted first degree murder conviction and sentenced the defendant to a total of 36 years' imprisonment. On direct appeal, this court affirmed the defendant's convictions and sentence. *People v. Robertson*, 2016 IL App (1st) 141062-U.

¶ 7 On March 15, 2017, the defendant filed his *pro se* petition for postconviction relief. In that petition, the defendant alleged, *inter alia,* that his trial counsel was ineffective for "fail[ing] to call an expert on the reliability of eyewitness identification." The defendant also asserted that his trial counsel was ineffective for failing to interview or investigate an exculpatory witness. The petition states that the defendant "was walking pass [*sic*] the crime along with another person," that the other person was Shannetta Ward, and that he advised his trial counsel that Ward could "attest to the fact that he was neither the assailant nor the associate of this crime." The defendant attached his own affidavit to the petition, in which he asserted the following:

> On August 6, 2012, he was coming from a friend's home at 51st and Laflin and going to the home of his child's mother located at 55th and Loomis. He was walking on Laflin in the direction of 55th and, when he reached 55th, he heard shots. He ran across 55th going in the direction of a gas station at of Justine and Ashland. Before he reached 55th and Justine, he was stopped by the police and questioned as to whether he heard shots or saw who was shooting. After he was questioned and searched, the police told him to go home.

The petition states that the defendant was "waiting to obtain affidavits from a witness by the name Shannetta Ward." On April 19, 2017, the defendant filed a "Supplemental/Amended" petition supported by Ward's affidavit. In her affidavit, Ward attested to the following:

On August 6, 2010, at about 3:00 a.m., she awoke in her home and discovered that the defendant was not there. She left her home in search of the defendant and found him at 51st and Laflin. She and the defendant then walked down Laflin to 55th. When they reached 55th, she saw "a lot of peoples [*sic*] out there." As they walked toward a gas station, she heard two or three shots. The defendant ran across 55th toward Justine, and when they reached Justine, the police arrived. The police searched the defendant and asked them if they saw who fired the shots. When they said that they had not seen who fired the shots, the police told them to go home.

¶ 8    On May 18, 2017, the circuit court issued an order, finding that the claims raised by the defendant were frivolous and patently without merit. With respect to the defendant's claim that his trial attorney was ineffective for failing to call an expert witness to testify as to the reliability of eyewitness identifications, the circuit court concluded that, since the State could have called its own competing expert witness, the defendant was unable to establish that his attorney acted unreasonably or that the failure to call an expert resulted in prejudice to him. On the defendant's claim that his trial counsel was ineffective for failing to investigate and call Ward as a witness, the circuit court found that the defendant failed to establish prejudice as he failed to specify the time that he and Ward were walking down the street when they heard gunshots. As to Ward's affidavit, the circuit court noted that Ward stated that she did not see who fired the shots that she heard. Consequently, she would have been unable to testify that the gunshots that she heard were related

to the shooting of Bailey. The circuit court dismissed the defendant's postconviction petition, and this appeal followed.

¶ 9    The defendant argues that his *pro se* postconviction petition should not have been dismissed at the first stage of the proceeding as it set forth arguable claims that his trial counsel was ineffective for (1) failing to investigate or interview Ward, who could have testified to his innocence; and (2) failing to investigate and present an expert to testify about eyewitness identifications.

¶ 10    The Act provides a procedural mechanism through which a petitioner may assert a substantial denial of his constitutional rights in the proceeding that resulted in his conviction. 735 ILCS 5/122-1 (West 2016). Postconviction proceedings consist of three distinct stages. *People v. Harris*, 224 Ill. 2d 115, 125 (2007). At the first stage of the proceedings, the trial court independently reviews the petition and determines whether the petition is "frivolous or patently without merit." *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). The trial court may summarily dismiss a postconviction petition "as frivolous or patently without merit only if the petition has no arguable basis in law or fact," meaning that it is "based on an indisputably meritless legal theory or a fanciful factual allegation," such as a legal theory that is "completely contradicted by the record." *Id.* at 16. During the first stage of a postconviction proceeding, the factual allegations in the petition are taken as true, "so long as those allegations are not affirmatively rebutted by the record." *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 47. The Act requires that the petition be supported by affidavits, records, or other evidence supporting its allegations. *People v. Collins*, 202 Ill. 2d 59, 66 (2002). Postconviction petitions are to be liberally construed, and borderline petitions should be allowed to proceed. *Thomas*, 2014 IL APP (2d) 121001, ¶ 5.

¶ 11 If a postconviction petition survives the circuit court's first stage independent review, it enters the second stage of the proceeding. During the second stage of the proceeding, the circuit court may appoint counsel to represent an indigent defendant, and counsel will have an opportunity to amend the petition. *People v. Boclair*, 202 Ill. 2d 89, 100 (2002). At this stage, the State may file a motion to dismiss the petition. 735 ILCS 5/122-5 (West 2016). At the second stage of the proceeding, the circuit court must determine whether the petition, along with the supporting affidavits and documentation, "make[s] a substantial showing of a constitutional violation." *People v. Tate*, 2012 IL 112214, ¶ 10. If no such showing is made, the petition is dismissed. If the State does not file a motion to dismiss, or if the circuit court denies the State's motion, the proceeding progresses to the third stage, and the circuit court will conduct an evidentiary hearing on the merits of the petition. 735 ILCS 5/122-5 (West 2016); *Boclair*, 202 Ill. 2d at 100.

¶ 12 When, as in this case, the circuit court dismisses a postconviction petition at the first stage of the proceeding, our review is *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 13 We address first the defendant's argument that his petition set forth an arguable claim that his trial counsel was ineffective for failing to investigate and present an expert to testify about eyewitness identifications. See *People v. Lerma*, 2016 IL 118496. The State argues that the claim has been forfeited. We agree with the State.

¶ 14 A postconviction proceeding is not an appeal from the judgment of conviction; rather, it is a collateral attack on the trial court proceeding. *People v. Petrenko*, 237 Ill. 2d 490, 499 (2010). "The scope of the proceeding is limited to constitutional matters that have not been, nor could have been, previously adjudicated." *Harris,* 224 Ill. 2d at 124. Issues that could have been raised on direct appeal but were not are forfeited. *Petrenko*, 237 Ill. 2d at 499; *People v. Enis*, 194 Ill. 2d 361, 375 (2000).

¶ 15    In this case, the defendant's claim that his trial counsel was ineffective for failing to investigate and present an expert to testify about eyewitness identifications is based entirely upon facts contained in the record. The claim could have been raised by the defendant on direct appeal and as a result has been forfeited. *Petrenko,* 237 Ill. 2d at 499; *Harris*, 224 Ill. 2d at 124.

¶ 16    Next, we address the defendant's argument that his *pro se* postconviction petition should not have been dismissed at the first stage of the proceeding as it set forth an arguable claim that his trial counsel was ineffective for failing to investigate or interview Ward, who could have testified to his innocence.

¶ 17    Ineffective assistance of counsel claims are considered under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant must show both *** that counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced the defense." *Hodges*, 234 Ill. 2d at 17 (quoting *Strickland*, 466 U.S. at 687-88). "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Id.*

¶ 18    The defendant asserts that his postconviction petition and supporting affidavits allege that, prior to trial, he informed his attorney that Ward could verify that he was walking with her near 55th and Laflin when Bailey was robbed and shot. He charged that his attorney failed to investigate the information or interview Ward. The defendant concludes that, taking his allegations and supporting affidavits as true, he set forth an arguable claim that his attorney's performance was objectively unreasonable. We agree.

¶ 19    In support of the trial court's first stage dismissal of the defendant's postconviction petition, the State appears to advance a number of arguments, although they are commingled in presentation. We have attempted to unravel and isolate the arguments and will address each in turn.

¶ 20    First, the State contends that the defendant's claim and supporting affidavits are positively rebutted by the record. The State notes that, in his post-trial motion alleging ineffective assistance of counsel and the following *Krankel* hearing, the defendant never asserted that he advised his attorney that Ward, or anyone else, was with him when he heard shots as he reached 55th Street. From these facts, the State concludes that the factual allegations in the defendant's petition and supporting affidavits are positively rebutted by the record. We disagree.

¶ 21    As the defendant argues, in a first stage inquiry, all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true. *People v. Domagala*, 2013 IL 113688, ¶ 35. The State appears to equate positive rebuttal with omission. However, we believe that allegations are positively rebutted by the record when they are affirmatively refuted or disproven by facts of record. In this case, there are no facts of record disproving the defendant's allegations that he was with Ward at the time of the robbery and shooting of Bailey. The defendant never testified that he was not with Ward, nor is there any evidence in the record that the two were not together.

¶ 22    Next, the State argues that the averments in the defendant's affidavit are in direct contrast with those in Ward's affidavit. In his affidavit, the defendant never mentioned that he was with another person when he reached 55th Street and heard gunshots; whereas, in her affidavit, Ward places herself at the defendant's side as they walked from 51st and Laflin until she heard shots when they reached 55th and Laflin. The State appears to contend that, because the defendant failed

to allege that Ward was with him at the time of the shooting, Ward's affidavit need not be taken as true. We believe that this argument suffers from the same flaw as the previous argument; namely, nothing in either affidavit directly refutes or disproves the other. We note also that, in his petition, the defendant asserted that he was walking "pass [*sic*] the crime" with another person who he identified as Ward.

¶ 23    The State also argues that the defendant's description of events is "nonsensical." The State contends that, if believed, the defendant's account of events has the police arriving at the scene after Bailey was shot in less time than it took him to run across 55th Street. The State also notes that the defendant averred that he was walking from the home of a friend at 51st and Laflin and going to his daughter's mother's house (Ward's house) at 55th and Loomis. However, he alleged that he was stopped by the police at 55th and Justine, which is in the opposite direction from Ward's home at 55th and Loomis. What the State neglects to mention is that the defendant's description of his direction of travel is consistent with Ward's description. In any event, the State's arguments in this regard go to credibility, a determination that may not be made during a first stage postconviction proceeding. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998); *People v. Scott*, 2011 IL App (1st) 100122, ¶ 23.

¶ 24    Next, the State argues that Ward's affidavit is insufficient to support the defendant's postconviction petition. It contends that her affidavit is vague in its description of events, fails to allege that she was never contacted by defense counsel, and fails to allege that, if she had been contacted, she would have testified at trial. As to the vagueness of Ward's affidavit, we observe that, if believed, it would absolve the defendant of any involvement in the robbery and shooting of Bailey. We also note that Ward's affidavit states that, if called as a witness, she is competent to testify to the matters contained therein. In his affidavit, the defendant averred that he told his

attorney that he needed to contact his daughter's mother, Ward, to prove his innocence and whereabouts, and that counsel failed to do so. We, therefore, find the State's argument addressed to the sufficiency of Ward's affidavit to be lacking in merit.

¶ 25 We also reject the State's argument that the defendant's affidavit is vague and conclusory. As noted above, the defendant's affidavit states that he told his attorney that he needed to contact his daughter's mother to prove his innocence and whereabouts and that counsel failed to do so. In his petition, the defendant identified Ward as the person he was walking with at the time that he heard shots and that she could attest to the fact that he was "neither the assailant nor the associate of this crime." Ward's affidavit established that she was the mother of the defendant's child and that her testimony, if believed, could absolve the defendant of any involvement in the robbery and shooting of Bailey. Although the affidavits of the defendant and Ward might individually lack certain specificity, taken together they adequately support the defendant's petition.

¶ 26 Finally, the State argues that the defendant suffered no prejudice because it can be inferred that defense counsel made a strategic decision not to call Ward as a witness. It contends that counsel would have considered Ward's proposed testimony to be "nonsensical," biased, and lacking in reliability. However, in *Tate*, the supreme court held that a strategy argument is inappropriate for a first stage proceedings. *Tate*, 2012 IL 112214, ¶ 22.

¶ 27 In this case, the defendant claimed that his trial counsel was ineffective for failing to investigate or interview Ward, who could have testified to his innocence. He supported his claim with his affidavit and the affidavit of Ward. Although the decision to present a witness is generally considered a matter of trial strategy, counsel may be deemed ineffective for failure to present exculpatory evidence of which he is aware. *People v. Upshaw*, 2017 IL App (1st) 151405, ¶ 39. Failure to interview a witness known to trial counsel may constitute ineffective assistance,

particularly when the witness's testimony may be exonerating. *Id.* We believe that the defendant's postconviction petition and its supporting affidavits state an arguable claim that his trial counsel provided ineffective assistance by failing to investigate and interview a witness whose testimony, if believed, might have exculpated him from any role in the crimes for which he was convicted.

¶ 28    The State's case against the defendant was based upon the eyewitness testimony of Bailey and Woulard. Although they identified the defendant in a lineup conducted on October 1, 2012, neither was able to identify him from a photo array they were shown on August 13, 2012, one week after Bailey was robbed and shot. There was no physical evidence linking the defendant to the robbery and shooting of Bailey. Ward's testimony, if believed, could have exonerated the defendant. Taking the allegations contained in the defendant's petition and supporting affidavits as true, it is at least arguable that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced. We conclude, therefore, that the circuit court erred in dismissing the defendant's postconviction petition at the first stage of the proceedings and remand the matter to the circuit court with directions to advance the defendant's petition to the second stage of postconviction proceedings. In so doing, we express no opinion as to whether the defendant's supporting affidavits will support a substantial showing of a constitutional violation.

¶ 29    Reversed and remanded with directions.