**Illinois Official Reports**

<div style="border:1px solid black;">

*People v. McDonald*, **2021 IL App (1st) 190687**

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD McDONALD, Defendant-Appellant. |
| District & No. | First District, Fourth Division No. 1-19-0687 |
| Filed | June 30, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 94-CR-8118; the Hon. Nicholas Ford, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Douglas R. Hoff, and Andrew Thomas Moore, of State Appellate Defender's Office, of Chicago, for appellant. |
| | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |
| Panel | PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion. Justices Lampkin and Martin concurred in the judgment and opinion. |

**OPINION**

¶ 1         Defendant, Donald McDonald, was convicted in 1995, after a jury trial, of the criminal sexual assault of his underage stepdaughter and sentenced, as a habitual offender, to a term of natural life in prison. Defendant presently appeals a trial court's order denying him leave to file his seventh postconviction petition.[1]

¶ 2         In the court below, defendant, who was represented by counsel, sought to file a petition alleging that his trial and appellate attorneys were ineffective for failing to argue that deviate sexual assault was not an eligible predicate offense for habitual-offender status. Defendant was sentenced as a habitual offender based on prior criminal convictions that included a conviction for deviate sexual assault.

¶ 3         Defendant acknowledges that several appellate court cases, including three from this district, have found that deviate sexual assault is an eligible predicate offense, but he asks us to find that our precedent was wrongfully decided. The State argues that defendant has failed to show both the cause and prejudice needed to file this petition (1) where he failed to show cause why he could not have filed his claim earlier in any of his prior petitions and (2) where he failed to show prejudice from his attorneys' alleged failure to raise this claim since, as he readily acknowledges, the precedent was not in his favor.

¶ 4         For the following reasons, we find that defendant failed to show cause and prejudice, and therefore, we affirm the trial court's order denying him leave to file his current postconviction petition.

¶ 5                                              BACKGROUND

¶ 6         On this appeal, defendant does not challenge either the sufficiency of the State's evidence at trial or the admissibility of any specific piece of evidence or testimony admitted at trial. The single issue that he raises is purely a legal question regarding sentencing. Thus, a detailed description of the evidence at trial is not needed to resolve the issues on this appeal.

¶ 7         In sum, the conviction in the case at bar stems from a sexual assault by defendant of a 14-year-old victim in 1993. Six years earlier, in 1987, defendant had been convicted of an aggravated criminal sexual assault of the same victim, when she was then seven years old.

¶ 8         At trial, an assistant state's attorney testified that defendant signed a handwritten statement which stated that, in June 1993, defendant was employed to perform some cleaning work at a particular building; that he went with the victim and two of her uncles to the building, that the men drank for several hours, and that defendant took the victim to an empty apartment in the building where he engaged in sexual intercourse with her. A police officer also testified at trial that defendant admitted to him that, at the time of the incident, defendant had been drinking, that he had traveled with the victim to a particular address where he told the victim to remove her clothes, and that he had sexual relations with her.

¶ 9         The victim testified that she went with defendant and her two uncles to the building, that the men had been drinking, that defendant told her to go to a particular apartment, that

---

[1] In his brief to this court, defendant refers to the instant petition as his fifth successive postconviction petition. However, his brief refers to two different petitions as his "fifth." While this instant petition is his sixth successive petition, there were seven petitions overall.

defendant removed her clothes and engaged in sexual intercourse with her, and that defendant had sexual contact with her four times in 1987 when she was seven years old.

¶ 10      On June 6, 1995, the jury, after listening to arguments and jury instructions, found defendant guilty of criminal sexual assault. On July 6, 1995, the State filed a petition asking the trial court to find that defendant was a habitual criminal based on the following prior convictions: (1) a conviction on September 2, 1982, of deviate sexual assault; (2) a conviction on June 1, 1987, of aggravated criminal sexual assault; and (3) a conviction on January 29, 1988, of aggravated criminal sexual assault.

¶ 11      On July 17, 1995, at the sentencing hearing, the parties did not make any requests to correct the presentence investigative report (PSI). The PSI indicated that defendant had one juvenile adjudication in 1981, when he was 17 years old, for criminal sexual assault. In addition to the instant offense, the PSI indicated that defendant had convictions in 1982 for deviate sexual assault and indecent liberties with a child and had a conviction in 1988 for aggravated criminal sexual assault.

¶ 12      Defendant's probation from the juvenile adjudication terminated on September 27, 1982. The PSI indicates that defendant was found guilty of the 1982 adult charges on September 8, 1982, which was before the juvenile probation ended. With respect to the 1982 convictions, defendant was paroled on January 17, 1985. Three years later, on January 29, 1988, defendant pled guilty to aggravated criminal sexual assault. On July 1, 1992, he was paroled, and less than a year later, the events giving rise to the instant offense occurred. In June 1993, when these events occurred, defendant was 29 years old.

¶ 13      At the sentencing hearing, the State moved the trial court "to take judicial notice of the fact that the elements of deviate sexual assault are the same as the crime which is now classified in Illinois as criminal sexual assault." Defense counsel made no objection, and the trial court found that "[t]he Court will take judicial notice of the fact."

¶ 14      After the trial court took judicial notice, the State argued that the "two predicate offenses which [the State] submit[s] to the Court" were (1) the 1982 conviction for deviate sexual assault and (2) the 1988 conviction for aggravated criminal sexual assault. Based on these two convictions, plus the conviction in the instant case, the State asked the trial court to adjudge defendant to be a habitual criminal. In response, defense counsel stated: "Judge, I know that the Court's hands are tied certainly in terms of sentencing."

¶ 15      The trial court found:

> "Well, the defendant stands before the Court following a finding of guilty, a verdict of guilty by a jury, of the offense of criminal sexual assault.
>
> The State seeks to have him sentenced as a habitual offender. Inasmuch as this is his third offense, that would qualify for habitual criminal treatment, the first having occurred in 1982, on a judgment for deviate sexual assault.
>
> This offense was committed within 20 years of the judgment entered in that case.
>
> The second offense, which is a 1987[2] conviction was committed after judgment was entered on the first.
>
> And the third offense was committed after judgment was entered on the second; all this occurring after the effective date of this act, which was in 1978.

_____

[2]The trial court stated 1987 not 1988.

And the State has established beyond a reasonable doubt the defendant's eligibility to be treated in this matter, and the Court is mandated by the Legislature to impose a sentence of life imprisonment, which the Court will do at this time."

As noted above, the issue defendant raises on this appeal is the purely legal question of whether deviate sexual assault was an eligible predicate offense for the habitual-offender status that subjected him to natural life in prison. The sentencing court found that it was, and he argues here that it was not.

¶ 16　After being sentenced in the case at bar, defendant filed a direct appeal, three section 2-1401 petitions (735 ILCS 5/2-1401 (West 2018)) to vacate his sentence, and a federal *habeas corpus* petition and attempted to file seven postconviction petitions, including the one at bar.

¶ 17　Unlike his prior petitions, the instant petition was not *pro se*, and it alleged that defendant's prior attorneys were ineffective for failing to argue that his life sentence was improper because his conviction for deviate sexual assault did not meet the criteria set forth in the habitual criminal statute. The trial court denied defendant's motion for leave to file in a seven-page written order. Citing two prior appellate court cases that found that deviate sexual assault had the same elements as criminal sexual assault, the trial court found defendant's allegations "without merit." See *People v. Balle*, 379 Ill. App. 3d 146, 152 (2008); *People v. Cardenas*, 209 Ill. App. 3d 217, 232 (1991).

¶ 18　The trial court found that defendant's prior counsel could not be found ineffective for failing to raise a meritless argument. Further, defendant was not prejudiced since the result of the sentencing hearing would have been the same.

¶ 19　After filing a notice of appeal, private counsel moved to withdraw on June 7, 2019, and the State Appellate Defender was appointed by this court on June 19, 2019, to represent defendant on this appeal.

¶ 20　ANALYSIS

¶ 21　I. Successive Petition

¶ 22　Defendant submitted his petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), which provides a statutory remedy for criminal defendants who claim that their constitutional rights were violated at trial. *People v. Edwards*, 2012 IL 111711, ¶ 21.

¶ 23　Although our supreme court has made clear that the Act contemplates only one postconviction proceeding, "[n]evertheless, [the supreme] court has, in its case law, provided two bases upon which the bar against successive proceedings will be relaxed." *Edwards*, 2012 IL 111711, ¶ 22. Those two bases are alleging and showing (1) cause and prejudice and (2) actual innocence. *Edwards*, 2012 IL 111711, ¶¶ 22-23. Defendant, who is attempting to file a successive petition, has alleged only cause and prejudice.

¶ 24　At this early stage, when a defendant is merely seeking leave to file, he has to make only "a *prima facie* showing of cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24.

¶ 25　Under the cause-and-prejudice test, a defendant must establish both (1) cause for his or her failure to raise the claim earlier and (2) prejudice stemming from his or her failure to do so. *Edwards*, 2012 IL 111711, ¶ 22 (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)).

¶ 26    To determine whether this defendant made a *prima facie* showing, we apply a *de novo* standard of review. *Bailey*, 2017 IL 121450, ¶ 13. *De novo* consideration means that a reviewing court performs the same analysis that a trial judge would perform. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41.

¶ 27                                              II. *Strickland*

¶ 28    Defendant claims that his prior attorneys were ineffective for failing to raise the claim that he raises now.

¶ 29    To determine whether a defendant was denied his or her right to effective assistance of counsel, Illinois courts employ the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Domagala*, 2013 IL 113688, ¶ 36. Under *Strickland*, a defendant must prove both (1) that his or her attorney's actions constituted errors so serious as to fall below an objective standard of reasonableness and (2) that, absent these errors, there is a reasonable probability that the outcome would have been different. *Domagala*, 2013 IL 113688, ¶ 36.

¶ 30    To establish the first prong, a defendant must show "that counsel's performance was objectively unreasonable under prevailing professional norms." *Domagala*, 2013 IL 113688, ¶ 36. "[E]ffective assistance of counsel refers to competent, not perfect, representation." *People v. Palmer*, 162 Ill. 2d 465, 476 (1994); *People v. Stewart*, 104 Ill. 2d 463, 491-92 (1984). Since a defendant is "entitled to reasonable, not perfect, representation," "mistakes in strategy or in judgment do not, of themselves, render the representation incompetent." *People v. Fuller*, 205 Ill. 2d 308, 331 (2002). A defendant must overcome "the strong presumption that counsel's performance fell within a wide range of reasonable professional assistance." *Palmer*, 162 Ill. 2d at 476.

¶ 31    With respect to the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome, namely, that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair." *People v. Enis*, 194 Ill. 2d 361, 376 (2000). Although the *Strickland* test is a two-prong test, our analysis may proceed in any order. To prevail, a defendant must satisfy *both* prongs. *People v. Colon*, 225 Ill. 2d 125, 135 (2007); *People v. Evans*, 209 Ill. 2d 194, 220 (2004). Thus, if a defendant cannot satisfy one prong, no further analysis is needed. *People v. Graham*, 206 Ill. 2d 465, 476 (2003).

¶ 32    Defendant alleges the ineffectiveness of both his trial and appellate counsel. "The *Strickland* standard applies equally" to claims concerning trial and appellate counsel. *People v. Petrenko*, 237 Ill. 2d 490, 497 (2010). If a defendant claims that appellate counsel was ineffective for failing to raise a claim of trial error, a defendant must show not only that appellate counsel's performance was deficient but also that there is a reasonable probability that the underlying claim of trial error would have succeeded on direct appeal in order to satisfy the prejudice prong. See *Petrenko*, 237 Ill. 2d at 497. If the underlying claim would not have succeeded on direct appeal, then "there is no arguable legal basis" for defendant's claim of ineffective assistance of appellate counsel, and "summary dismissal of his *pro se* postconviction [petition]" is "proper." *Petrenko*, 237 Ill. 2d at 501-02.

¶ 33                                    III. Forfeiture

¶ 34    In considering whether defendant's appellate counsel was ineffective for failing to raise the current claim, we find that this court would have applied plain-error review to the claim if it had been raised on direct appeal.

¶ 35    Whether a reviewing court applies harmless-error or plain-error review depends on whether the defendant forfeited review of the issue in the court below. *People v. Thompson*, 238 Ill. 2d 598, 611 (2010). Generally, to preserve an alleged error for review, a "defendant must both specifically object at trial and raise the specific issue again in a posttrial motion." *People v. Woods*, 214 Ill. 2d 455, 470 (2005); *People v. Piatkowski*, 225 Ill. 2d 551, 564 (2007). "[T]o preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). If a claim is preserved, the burden is on the State "to prove beyond a reasonable doubt that no prejudice occurred." *People v. McLaurin*, 235 Ill. 2d 478, 494-95 (2009).

¶ 36    However, in the case at bar, defendant concedes that the alleged error was not preserved. Thus, if it had been raised on direct appeal, we could have reviewed it only for plain error. "To obtain relief under this [plain-error] rule, a defendant must first show that a clear or obvious error occurred." *Hillier*, 237 Ill. 2d at 545. "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545. For the reasons explained below, we find no clear or obvious error.

¶ 37                                 IV. Predicate Offense

¶ 38    In its brief to this court, the State cites several cases that were decided prior to the date of defendant's 1995 sentencing and that found that deviate sexual assault was a predicate offense for habitual offender status. *Cardenas*, 209 Ill. App. 3d at 232 (this court found that deviate sexual assault was a predicate offense for habitual offender status); *People v. Tobias*, 125 Ill. App. 3d 234, 239 (1984) (this court found that deviate sexual assault "satisfies the prerequisite statutory standards for application of the [Habitual Criminal] Act"); *People v. Withers*, 115 Ill. App. 3d 1077, 1086-87 (1983) (this court found that deviate sexual assault "satisfies *** prerequisite statutory standards for application of the act"); see also *Balle*, 379 Ill. App. 3d at 153 (this court found that "deviate sexual assault, despite being reclassified as criminal sexual assault, a Class 1 felony, in a 1984 amendment [citation], is sufficient to satisfy the sentencing conditions under the Habitual Criminal Act prior to its 1988 amendment"); *People v. Sims*, 166 Ill. App. 3d 289, 303-04 (1987).

¶ 39    In his reply brief, defendant acknowledges that these cases were "precedent" and were "not in his favor," but he argues that they were all decided incorrectly.

¶ 40    Where there was substantial precedent existing at the time of defendant's sentencing and it all went the other way, we cannot find that his trial counsel rendered objectively unreasonable assistance by not objecting on this basis or that trial counsel's performance fell below prevailing professional norms. See *Domagala*, 2013 IL 113688, ¶ 36 (to establish the first prong, a defendant must show "that counsel's performance was objectively unreasonable under prevailing professional norms").

¶ 41    Where the underlying claim of ineffective assistance by trial counsel would not have succeeded, there is no arguable basis for a claim that appellate counsel was ineffective.

*Petrenko*, 237 Ill. 2d at 501-02 (if the underlying claim would not have succeeded on direct appeal, then "there is no arguable legal basis" for defendant's claim of ineffective assistance of appellate counsel and "summary dismissal of his *pro se* postconviction [petition]" is "proper"). In addition, because of the substantial existing precedent, there was no clear or obvious error with counsel's representation that would trigger application of the plain-error doctrine. *Hillier*, 237 Ill. 2d at 545 ("To obtain relief under this [plain-error] rule, a defendant must first show that a clear or obvious error occurred."). We decline defendant's invitation to find that this court's extensive precedent was wrongly decided.

¶ 42 As a result, we do not find his current claims of ineffective assistance of trial and appellate counsel persuasive.

¶ 43 Defendant also asks us to reach the forfeited issue he now raises because otherwise his life sentence will violate fundamental fairness and the eighth amendment's prohibition against cruel and unusual punishment. See U.S. Const., amend. VIII. We cannot find that it does, where defendant was 29 years old at the time of the instant offense and had already established a pattern of engaging in sexual assaults, which indicates he was a repeat offender. In 1981, when he was 17 years old, defendant had a juvenile adjudication for criminal sexual assault. Before his probation from the juvenile adjudication ended, defendant was found guilty of deviate sexual assault and indecent liberties with a child. Three years after he was paroled from those offenses, he pled guilty in 1988 to aggravated criminal sexual assault. Less than a year after he was paroled from the 1988 offense, he committed the instant sexual assault. Thus, we are not persuaded to reach the forfeited issue under fundamental fairness or the eighth amendment.

¶ 44                                CONCLUSION

¶ 45 For the foregoing reasons, we affirm the trial court's order denying him leave to file his seventh postconviction petition.

¶ 46 Affirmed.