**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210379-U

Order filed November 22, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0379 Circuit No. 11-CF-619 |
| ISIAH FOSTER III, | ) ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Daugherity and Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Defendant's second-stage postconviction petition made a substantial showing of a constitutional violation.

¶ 2     Defendant, Isiah Foster III, appeals the denial of his postconviction petition at the second stage of proceedings. Defendant contends that his petition made a substantial showing that he received ineffective assistance, where counsel failed to investigate an alibi witness that defendant provided him with the contact information. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged by indictment with aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2010)), aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), and unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)). The charges relate to the 2011 shooting of Robert Norris. After a bench trial, the court found defendant guilty of all charges. On appeal, this court affirmed defendant's sentence. *People v. Foster*, 2015 IL App (3d) 130500-U, ¶ 12.

¶ 5        Defendant filed a postconviction petition that alleged he received ineffective assistance because his counsel failed to adequately investigate potential alibi witness, Christy Burns. Defendant's petition alleged that Burns would have testified that defendant was at her house on the day of the shooting. Defendant told counsel that Burns was willing to speak to him and provided counsel with her contact information. The petition further alleged that counsel told defendant that he attempted to contact Burns and was unable to locate her.

¶ 6        Defendant's petition advanced to the second stage. Postconviction counsel amended the petition to include an affidavit signed by Burns confirming she could have provided alibi testimony. If Burns had been called to testify, her testimony would have included that she invited defendant to her home on the morning of June 21, 2011, and that he arrived at approximately 7 a.m. Defendant spent the rest of the morning at Burns's house and did not leave until they heard that a shooting had occurred earlier that day and defendant was wanted in connection with it. Burns further stated that defense counsel never contacted her.

¶ 7        The State filed a motion to dismiss arguing that defendant failed to establish the deficient performance prong to prove ineffective assistance of counsel. The court granted the State's motion. Defendant appeals.

¶ 8                                      II. ANALYSIS

¶ 9         Defendant argues that the circuit court erred in dismissing his postconviction petition at the second stage of proceedings because he made a substantial showing of ineffective assistance of counsel. Specifically, counsel was ineffective for failing to investigate defendant's alibi, even after defendant allegedly provided him with the name and contact information for an alibi witness who could testify that she was with defendant at her home at the time of the shooting.

¶ 10        Under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) persons imprisoned in the penitentiary may file petitions challenging their convictions on grounds of constitutional violations. When, as in the instant case, a petition is advanced to the second stage of postconviction proceedings, the petitioner must make a substantial showing of a constitutional violation to avoid dismissal. *People v. Domagala*, 2013 IL 113688, ¶ 34. This "substantial showing" is a measure of the legal sufficiency of the petition. *Id.* ¶ 35. At this stage, all well-pled facts will be regarded as true unless positively rebutted by the record. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). We review a second-stage dismissal *de novo*. *Id.* The operative inquiry is whether the facts pled by defendant, along with facts contained in supporting affidavits, if proven true at an evidentiary hearing, would entitle him to relief. *Domagala*, 2013 IL 113688, ¶ 35.

¶ 11        In the context of an ineffective assistance of counsel claim, a postconviction petition must make a substantial showing that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong under *Strickland*, defendant must show that counsel's performance was so inadequate "that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *People v.*

3

*Evans*, 186 Ill. 2d 83, 93 (1999). If a defendant can establish deficient performance, the second prong requires defendant to show that he was prejudiced as a result. *People v. Dupree*, 2018 IL 122307, ¶ 44. To satisfy the prejudice prong, defendant must show " 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Petrenko*, 237 Ill. 2d 490, 496-97 (2010) (quoting *Strickland*, 466 U.S. at 694).

¶ 12        Decisions concerning which witnesses to call are matters of trial strategy and are generally immune from claims of ineffective assistance of counsel. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 79. However, the failure to investigate an alibi witness may constitute ineffective assistance of counsel. *People v. Bolden*, 2014 IL App (1st) 123527, ¶ 45. Defense counsel has a duty to conduct reasonable investigations. *Domagala*, 2013 IL 113688, ¶ 38. Failing to interview a witness indicates deficient representation when the witness is known to counsel and the anticipated testimony may be exonerating. *People v. Coleman*, 183 Ill. 2d 366, 398 (1998); see also *People v. Ashford*, 121 Ill. 2d 55, 74-75 (1988) (the failure to call a witness will not support an ineffectiveness claim unless it is unreasonable for counsel to believe that the anticipated testimony would have no probative value to guilty or innocence).

¶ 13        In the present case, accepting the facts set forth in the petition and Burns's affidavit as true, defendant has made a substantial showing that defense counsel was ineffective for failing to investigate and/or present the alibi witness. In his petition, defendant states that he presented counsel with the contact information for his alibi witness, Burns, and that counsel failed to make any attempt to contact her or to otherwise investigate defendant's alibi. Burns's affidavit, taken as true at this stage, would have supported defendant's claim of innocence. The record reflects that no subpoena was issued for Burns to appear and testify at trial. The record does not reflect that counsel made a strategic decision not to call the alibi witness, as there was no apparent

reason not to do so. See *People v. Tate*, 305 Ill. App. 3d 607, 612 (1999) (there was no reason not to call alibi witnesses when witness affidavits supported defendant's theory of misidentification). Further, if Burns was found credible, we cannot say that there is no reasonable probability that the result of the trial would have been different. Accordingly, defendant is entitled to an evidentiary hearing on his claim. See *id.*

¶ 14                                                      III. CONCLUSION

¶ 15            The judgment of the circuit court of Peoria County is reversed and remanded for further proceedings.

¶ 16            Reversed and remanded for further proceedings.