2022 IL App (1st) 192448

No. 1-19-2448

May 02, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois |
| Respondent-Appellee, | ) | |
| | ) | No. 02 CR 04491 |
| v. | ) | |
| EUGENE CLARK | ) | The Honorable |
| | ) | Thomas J. Byrne, |
| Petitioner-Appellant. | ) | Judge Presiding. |
| | ) | |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Hyman and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Pursuant to our supreme court's precedent, the circuit court's judgment summarily dismissing defendant's first-stage postconviction petition is affirmed where it fails to state the gist of a constitutional claim that his plea was secured by threat of a *de facto* life sentence.

¶ 2    Petitioner Eugene Clark appeals from the circuit court's denial of his postconviction petition at the first stage of proceedings pursuant to the Post-Conviction Act (Act) (725 ILCS 5/122-1 et seq. (West 2018). Clark argues the petition alleged his guilty plea was involuntary where it was secured by threat of an unconstitutional *de facto* life sentence under *Miller v. Alabama*, 567

U.S. 460 (2012). Pursuant to Illinois Supreme Court precedent, we must affirm the circuit court's judgment.

¶ 3                                        I. BACKGROUND

¶ 4      On January 13, 2002, at approximately 12:30 a.m., Clark, who was 17, was riding as a passenger with codefendant Calvin Brooks near the 4200 block of West End Avenue in Chicago. Clark was armed with a .380 caliber handgun, and Brooks was armed with a .9-millimeter handgun. Brooks drove next to a car in which Kareem Walker and Frank Alexander were riding, and Clark fired his weapon into the vehicle striking both. Alexander survived, but Walker died from gunshot wounds to the head. Alexander later identified Clark as the shooter.

¶ 5      Clark was charged with sixteen counts of first degree murder, two counts of attempt first degree murder, two counts of aggravated battery, and one count of aggravated discharge of a firearm. Clark provided a videotaped statement where he admitted that he was a member of the Dog Pound street gang, was looking to shoot rival gang members in retaliation for a previous shooting, used a .380-caliber firearm during the shooting, and gave the weapon to Brooks after the shooting.

¶ 6      On March 4, 2003, pursuant to a plea agreement, Clark pled guilty to first degree murder, aggravated battery, and an unrelated drug charge, in exchange for concurrent sentences of a total of 34 years in the Illinois Department of Corrections.

¶ 7      In admonishing Clark on his guilty plea, the following exchange occurred:

COURT: "Mr. Clark, you are charged under 02 CR 04491 with 16 counts of first-degree murder. Some of those counts carry a sentence of from 20 to 60 years in the penitentiary but those counts could be enhanced by adding on [an] additional 25

years. There is also a charge of first-degree murder which would carry a possible sentence of from 20 to 60 years but [it] could be enhanced by adding on 20 years. All those charges are going to be *nolled* or dismissed as part of this plea agreement. You will plead guilty to one count of first-degree murder. That count carries a possible sentence of from 20 to 60 years in the penitentiary with a mandatory supervised release term of two years. So, in return for your plea of guilty to that offense, you would be sentenced to 33 years in the Illinois Department of Corrections. There are additional charges of attempt first-degree murder that will be dismissed and there are charges of aggravated discharge of a firearm that will also be dismissed.

There are two charges of aggravated battery. They carry a possible sentence of from 2 to 5 years in the penitentiary with a mandatory supervised release term of one year. In return for your plea of guilty to one count of aggravated battery, you would be sentenced to two years [in the] Illinois Department of Corrections. That sentence would run concurrent with – meaning at the same time as the 33 years that you're going to receive on the charge of first-degree murder on that case. Sir, is that your understanding of the State's offer?

CLARK: Yes, ma'am.

COURT: Mr. Clark, I was not a party to this agreement, but I will go along with it. On case number 02 CR 08287 you're charged with possession of a controlled substance with intent to deliver within a thousand feet of a school. That charge was followed or dismissed as part of this plea agreement. The second charges you with

possession of a controlled 3 substance with intent to deliver. As charged, it carries a possible sentence of from 3 to 7 years in the penitentiary with a mandatory supervised release period of two years. The State is going to amend that charge to possession of a controlled substance as amended. It will carry a possible sentence of from 1 to 3 years in the penitentiary with a mandatory supervised release term of one year. In return for your plea of guilty to that amended charge, you will be sentenced to one year in the Illinois Department of Corrections. That sentence would run, however, consecutive, which means that after the 33-year sentence that you're receiving in the other matter.

So for these two cases, sir, in effect your sentence will be 34 years in the Illinois Department of Corrections. Is that your understanding of the offer on your other case, Mr. Clark?

CLARK: Yes, ma'am.

COURT: Again, I was not a party to the agreement, but I will go along with it."

¶ 8    After admonishing Clark, the circuit court found Clark understood "the nature of the charges pending against him, the possible penalties that may be imposed, and that he is freely and voluntarily entering a plea of guilty."

¶ 9    On August 2, 2019, Clark filed a *pro se* postconviction petition alleging that his constitutional rights were violated under both the Eighth Amendment and the Proportionate Penalties Clause when the circuit court imposed a *de facto* life *sentence* because he was 17 years old at the time of the offense, and the circuit court did not take into consideration the transient signature qualities of youth and the factors set forth in *Miller* at the time of his plea.

¶ 10    On September 26, 2019, the circuit court dismissed Clark's postconviction petition and acknowledged that Clark's youth and attendant circumstances were not addressed by the sentencing court. The circuit court noted in its order that a sentence over 40 years is considered a *de facto* life sentence under *People v. Buffer*, 2019 IL 122327, and Clark's 33-year sentence did not constitute a *de facto* life sentence. Clark now appeals.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, Clark argues that the circuit court erred when it dismissed his postconviction petition because his petition makes the gist of a constitutional claim under *Miller* and its progeny, and his guilty plea was involuntary where it was secured by the threat of an unconstitutional *de facto* life sentence.

¶ 13    The Act sets out a three-stage proceeding in which a criminal defendant may assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The circuit court may summarily dismiss a postconviction petition if it determines that the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). A petition is frivolous or patently without merit only if it has "no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16.

¶ 14    At the first stage, the court must liberally construe and accept as true all the allegations in the petition unless contradicted by the record. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A defendant need only allege sufficient facts to state the "gist" of a constitutional claim for the petition to be forwarded to the second stage. *Hodges*, 234 Ill. 2d at 9. A petition lacks an arguable basis in fact if it is based upon fanciful factual allegations that are clearly baseless, fantastic, or delusional. *Id.* at 16-17. A petitioner needs to present only a limited amount of detail and is not

required to include legal argument or citation to legal authority. *Edwards*, 197 Ill. 2d at 244-45. However, a *pro se* petitioner is not excused from providing factual detail on the alleged constitutional deprivation. *People v. Delton*, 227 Ill. 2d 247, 254 (2008). The summary dismissal of a postconviction petition is reviewed *de novo*. *People v. Petrenko*, 237 Ill. 2d 490, 496 (2010).

¶ 15　Clark's petition alleges he was subjected to an unfair plea proceeding under *Miller*, where he pleaded guilty after the circuit court admonished him that he faced a term of imprisonment of up to 60 years, an additional enhancement of 20 to 25 years if convicted of murder, and that the court never considered the *Miller* factors.

¶ 16　In *Miller,* the Supreme Court held that the eighth amendment precluded a mandatory sentence of life without parole for a juvenile offender who has committed homicide. The Court acknowledged that such a sentence could be imposed only where the sentence is not mandatory, and the sentencing court has discretion to consider the mitigating qualities of a youthful offender and may impose a lesser punishment. *Id*. at 476, 132 S. Ct. 2455. The Court later held that *Miller* applied retroactively in *Montgomery v. Louisiana*, 577 U.S. 190, 206, 212, 136 S. Ct. 718.

¶ 17　Our supreme court expanded the reasoning of *Miller* in *People v. Reyes*, 2016 IL 119271, ¶ 9, holding that *Miller* applies when a juvenile offender is sentenced to a mandatory term of years that is the functional equivalent of life without the possibility of parole. Subsequently, in *People v. Holman*, 2017 IL 120655, ¶ 38, our supreme court ruled that *Miller* is not specific to mandatory life sentences. Under *Miller* and *Montgomery*, life sentences imposed on juvenile offenders, mandatory or discretionary, are disproportionate and violate the eighth amendment, unless the sentencing court considers youth and its attendant characteristics. *Id*. ¶ 40.

¶ 18 In *Buffer*, 2019 IL 122327, ¶¶ 40-41, our supreme court held that prison terms over 40 years imposed on juveniles constitutes a *de facto* life sentence and violates the eighth amendment. To prevail on a claim that a juvenile's life sentence violated the eighth amendment, a defendant must show both that (1) he was "subject to a life sentence, mandatory or discretionary, natural, or *de facto*," and (2) "the sentencing court failed to consider youth and its attendant characteristics." *Id.* 27.

¶ 19 Here, in admonishing Clark on his guilty plea, the circuit court stated that some of the counts carried sentences up to 60 years, with a possible enhancement adding 20 years. Clark argues that his plea was involuntary because it was obtained by threat of a *de facto* life sentence.

¶ 20 To support his argument, Clark relies on *People v. Parker*, 2019 IL App (5th) 150192 and *People v. Robinson*, 2021 IL App (1st) 181653. In *Parker*, a juvenile defendant was charged with first-degree murder. *Parker*, 2019 IL App (5th) 150192 ¶ 2. The defendant entered a plea agreement in exchange for a negotiated sentence of imprisonment not to exceed 50 years. *Id.* ¶ 3. The court sentenced the defendant to 35 years in prison. *Id.* The defendant later filed a successive postconviction petition alleging *inter alia* that his sentence amounted to a *de facto* life sentence because the circuit court failed to consider his youth and attendant characteristics set forth in *Miller*. *Id.* ¶ 9. The court found that defendant had demonstrated prejudice because his guilty plea was influenced by the State's sentencing recommendation and repeated admonishments that he could receive a life sentence. *Id.* ¶¶ 18-20.

¶ 21 In *Robinson*, this court reversed the circuit court's summary dismissal of the defendant's *pro se* postconviction petition and remanded for second-stage proceedings where the defendant entered a negotiated plea for a 35-year sentence after being admonished that he faced a potential

60 years in prison. *Robinson*, 2021 IL App (1st) 181653Id. ¶¶ 1, 6, 8, 22. The defendant in *Robinson* alleged in his petition that the circuit court did not consider any of the *Miller* factors. *Id.* ¶¶ 9-10. This court found that defendant's petition stated the gist of a constitutional claim that his plea was obtained by threat of a *de facto* life sentence and remanded for second-stage proceedings under the Act. *Robinson*, 2021 IL App (1st) 181653 ¶¶ 36-37.

¶ 22     Initially, the State argues that Clark waived the claim that his plea was secured out of threat of an unconstitutional sentence by not raising it in his postconviction petition, effectively forfeiting his claim. As the circuit court noted, Clark's petition does not allege that his guilty plea was coerced out of the threat of an unconstitutional sentence or that his guilty plea was otherwise rendered involuntary by *Miller* or its progeny, nor does it challenge the constitutionality of his guilty plea. Instead, Clark argues that the sentencing court failed to consider his youth and attendant circumstances when it imposed his 33-year sentence, which Clark believed violated *Miller* and its progeny. Clark's petition requests that the circuit court order a new sentencing hearing where the court could consider his age, rehabilitative efforts, and other *Miller*-based factors.

¶ 23     Clark's postconviction petition did not suggest that his guilty plea was coerced by the threat of a now unconstitutional sentence, and the claim was not properly before the trial court. As a result, Clark has waived his claim. 725 ILCS 5/122-3 (2020); ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."); *People v. Petrenko*, 237 Ill.2d at 502 ("The problem with this argument is that it was not raised in the [first-stage, *pro se*] petition that defendant filed in the trial court."); *People v. Pendleton*, 223 Ill.2d 458, 475 (2006) (the appellate court may not overlook the waiver provision of the Act, as a claim not

raised in a postconviction petition cannot be raised for the first time on appeal); *People v. McNeal*, 194 Ill. 2d 135, 147 (2000) ("It is well established . . . that the defendant may not add an issue to the case while the matter is on review.").

¶ 24    Waiver aside, the State also argues neither *Parker* nor *Robinson* are applicable because of the supreme court's recent decision in *People v. Jones*, 2021 IL 126432. In *Jones,* the defendant was charged with several offenses, including two counts of first-degree murder that were committed when he was 16 years old. *Id.* ¶ 3. Defendant entered a negotiated guilty plea to one count each of first-degree murder, residential burglary, and two counts of armed robbery, in exchange for specified terms of imprisonment and dismissing the remaining charges. *Id*. ¶ 4. The circuit court approved the plea agreement and sentenced defendant to concurrent prison terms of 50 years for murder, 30 years for each armed robbery count, and 15 years for residential burglary *Id.* ¶ 5. Defendant petitioned for postconviction relief. *Id.* ¶ 7. The petition was denied, and denial was affirmed on appeal. Defendant moved for leave to file a successive postconviction petition, which was denied and affirmed on appeal. *Id*. ¶¶ 7-10.

¶ 25    Our supreme court also affirmed, finding that defendant's "knowing and voluntary guilty plea waived any constitutional challenge based on subsequent changes in the applicable law." *Id*. ¶ 26. The court reasoned that to succeed on a *Miller* claim, the defendant was required to show that the *de facto* life sentence he received was not the circuit court's use of its discretion. *Id.* The court also found that the trial judge exercised discretion in accepting the plea and *de facto* life sentence; therefore, *Miller* and its progeny were inapplicable.

¶ 26    We are bound by our supreme court's ruling set forth in *Jones* and compelled to reject Clark's claim. Consequently, we find that the sentencing court was able to exercise its discretion

in deciding whether to sentence Clark pursuant to his negotiated plea agreement, and the circuit court properly dismissed Clark's postconviction petition.

¶ 27                                     III. CONCLUSION

¶ 28     For the foregoing reasons, we affirm the circuit court's summary dismissal of Clark's first stage postconviction petition.

¶ 29     Affirmed.