2025 IL App (1st) 221886-U

SIXTH DIVISION

February 28, 2025

No. 1-22-1886

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18CR14682 |
| DORIAN COTLEDGE, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Angela M. Petrone, Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Justice Hyman and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1     ***Held***: Summary dismissal of defendant's postconviction petition is affirmed where defendant failed to state a gist of a constitutional claim for ineffective assistance of appellate counsel.

¶ 2     Following a bench trial, defendant Dorian Cotledge was found guilty of attempted first degree murder (720 ILCS 5/8-4(a)) (West 2024), aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1)) (West 2024), and armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2022). We affirmed his convictions on direct appeal, and he sought postconviction relief. The circuit court dismissed his postconviction petition at the first stage.

¶ 3     Cotledge appeals arguing: (1) the circuit court erred in the summary dismissal of his postconviction petition as frivolous and patently without merit; and (2) appellate counsel was ineffective for failing to raise a meritorious speedy trial issue and for failing to argue the circuit court erroneously extended the speedy trial term. For the foregoing reasons, we affirm.

¶ 4                                I. BACKGROUND

¶ 5     Cotledge was arrested on September 20, 2018. A complaint was filed against him alleging the attempted first degree murder of Rhythm Bhagat on September 19, 2018. A statement at the bottom of each page of the complaint stated, "The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her sunscribed [*sic*] and that the same is true." On September 21, 2018, Detective Peter Torres swore by and signed the statement, and defense counsel demanded a speedy trial on September 27. Cotledge was charged by indictment on October 18, 2018. The indictment was based on the shooting of Bhagat months earlier.

¶ 6     October 19, 2018, defense counsel made an additional demand for a speedy trial, but on October 26, 2018, defense counsel agreed to a continuance, with a date of November 5. From November 2018 through April 2019, the case was continued by agreement of the parties.

¶ 7     Cotledge filed a *pro se* "motion to waive counsel and represent himself" on April 11, 2019. The court began admonishments but continued the matter explaining, "I don't want to give you

the wrong admonishments. If you're facing natural life, I want to make sure I tell you that, but if you're not, I don't want to tell you the wrong thing."

¶ 8    On May 30, 2019, the court admonished Cotledge about proceeding *pro se*, but Cotledge confirmed he still wanted to proceed *pro se*. The court stated, "I'm going to give you a week and I want you to seriously think about your request to go *pro se*. If you really, really, really want to, I'm not going to stop you. *** I'm going to give you a week to think about it and then I want you to tell me on the next court date if you still want to go *pro se*."

¶ 9    Cotledge acknowledged that he would be held to the same rules as an experienced attorney and the court could not step in to help him or give any "special consideration." On June 6, 2019, Cotledge again confirmed his desire to proceed *pro se*, and the court granted the request.

¶ 10    During 2019, Cotledge filed multiple *pro se* motions to, *inter alia*, substitute the judge, suppress evidence, dismiss his charges, and reconsider court rulings. On August 21, 2019, Cotledge filed a motion to dismiss his charges, which he again filed on November 7 claiming his indictment was improper because it was signed by detective Torres and not the victim.

¶ 11    In a filing on December 16, 2019, Cotledge filed a *pro se* "demand for speedy trial," stating he "demands a speedy trial, and "demands the time starts today." The court explained to Cotledge that the time on his demand would not start running until his pending motions were resolved, and that it would rule on these pending motions on the next court date. On December 18, the court confirmed with Cotledge the motions still pending and continued the case by agreement.

¶ 12    The court ruled on Cotledge's final motions on December 20 and denied his motion to dismiss based on an alleged defective complaint. The court found the process for charging Cotledge was proper, and there was no legal authority supporting his claim to dismiss. After ruling

on Cotledge's remaining motions, the court acknowledged his demand for a speedy trial and set a jury trial for February 10, 2020.

¶ 13    On January 25, 2020, Bhagat agreed to travel from India to testify, but required a "Visa or other Department of Homeland Security (the Department) permission" to enter the United States. On January 28, 2020, the State began assisting Bhagat in applying for entry into the country, but explained they did not know the time frame for the Department's review and processing of Bhagat's visa application. The State filed a motion for a 60-day extension of the speedy trial term pursuant to the Speedy Trial Act (725 ILCS 5/103-5 (West 2018)). The State explained that because Bhagat had moved back to India communication was difficult. The State further asserted that Cotledge could not claim prejudice from the State's extension because he "chose to file and argue" 10 motions from June through December 2019.

¶ 14    On January 30, 2020, Cotledge filed a *pro se* "motion to discharge" based on a "statutory violation of speed[y] trial rights." He claimed the court "acknowledged" his oral demand for a speedy trial on October 19, 2018, and that he had made a written demand for a speedy trial on December 16, 2019. Cotledge asserted the speedy trial clock never stopped running from September 20, 2018, the date of his arrest. He also claimed that he had not occasioned any delay in the proceedings from September 20, 2018. The parties agreed to continue the matter to February 10, 2020.

¶ 15    Cotledge filed a written *pro se* objection to the State's motion for an extension of the speedy trial term on February 10, 2020, and asserted the State delayed tendering discovery. He argued his *pro se* motions were not complex or time consuming and the State was "shifting its responsibility of bringing the defendant to trial within the 120-day rule." The court continued the matter to the next day.

¶ 16    On February 11, 2020, the circuit court granted the State's request to extend the speedy trial term by 60 days. The court explained that the State had exercised due diligence in contacting Bhagat, and the State's request was statutorily permissible and reasonable, as the length of time for the witness to navigate the visa immigration system was undetermined. The court rejected Cotledge's claim that he first orally demanded trial on September 20, 2018, because his claim was invalid as the decision to demand trial rested with his then appointed counsel. The court found Cotledge's *pro se* demand for a speedy trial was entered and began running on December 20, 2019.

¶ 17    Cotledge filed a *pro se* motion to reconsider the extension of the speedy trial term on February 27, 2020, which the court denied. The case was continued to March 10, 2020, over Cotledge's objection. On March 10, 2020, Cotledge filed a *pro se* "continual objection to this court's grant of the State's motion for extension of speedy trial term and denial of his motion to discharge based on statutory speedy trial right." The court denied the request.

¶ 18    Cotledge's bench trial began on March 16, 2020. After trial, the court found Cotledge guilty of attempted first degree murder, and, citing the one-act, one-crime doctrine, found Cotledge guilty of one count each of attempted first degree murder, aggravated battery with a firearm, and armed habitual criminal.

¶ 19    On October 6, 2020, Cotledge filed a *pro se* motion for a new trial alleging, *inter alia*, that the circuit court erred in denying his various *pro se* pretrial motions, including his motions regarding a defective complaint and speedy trial violation. He also argued the court erred in "denying" his self-defense theory, not "considering his necessity theory, and denying his "oral motion for appointment of counsel." The court denied Cotledge's motion for a new trial and explained that "This court did not deny you counsel. You had counsel. *** And you insisted you wanted to go *pro se* and you were admonished multiple times every effort was made to

5

accommodate you." Cotledge was sentenced to concurrent prison terms of 75 years for attempted first degree murder, and 30 years for armed habitual criminal.

¶ 20    On direct appeal, Cotledge argued via appellate counsel, that the State failed to prove him guilty beyond a reasonable doubt of attempted first degree murder as the evidence failed to show he had the specific intent to kill the complainant, and the trial court failed to ensure that he knowingly and intelligently waived counsel. Subsequently, we allowed Cotledge to file a supplemental *pro se* brief in which he argued that the trial court erred in: (1) denying his motion to dismiss based on a violation of his right to a speedy trial; (2) granting the State an extension of the speedy trial term; and (3) failing to dismiss his charges because they were improperly based on a defective complaint.

¶ 21    This court addressed all issues raised on direct appeal and held: (1) the trial evidence was sufficient to prove Cotledge guilty beyond a reasonable doubt of attempted first degree murder; (2) Cotledge knowingly and intelligently waived his right to counsel; (3) the indictment superseded any complaint, and thus, no basis existed to dismiss his charges premised on the alleged defective complaint; (4) Cotledge was not denied his right to a speedy trial; and (5) the complaint was not defective. We affirmed Cotledge's convictions and sentences.

¶ 22    After the disposition of his direct appeal, on April 5, 2022, Cotledge filed a post-conviction petition alleging that his appellate counsel was ineffective for failing to: (1) raise a meritorious speedy trial issue; and (2) argue the court erroneously extended the speedy trial term. The circuit court summarily dismissed the petition during first stage proceedings finding the claim "frivolous and patently without merit" because Cotledge did not provide documentation showing what issues or constitutional challenges appellate counsel raised on direct appeal and did not offer an explanation as to why the documents were missing. This appeal followed.

6

¶ 23                                   II. JURISDICTION

¶ 24    Cotledge appeals the summary dismissal at the first stage of his post-conviction petition. Judgment was entered on May 11, 2022. The Clerk of the Circuit court notified Cotledge on June 16, 2022. Cotledge mailed a notice of appeal on June 22, 2022, which was received on June 28, 2022. Cotledge filed a petition for late notice on December 2, 2022, and the appeal was properly allowed on December 20, 2022. Accordingly, this court has jurisdiction pursuant to article VI, Section 6, of the Illinois Constitution (Ill Const. 1970, art. VI § 6), and Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 25                                   III. ANALYSIS

¶ 26    On appeal from the first stage dismissal of his post-conviction petition, Cotledge argues that: (1) the circuit court erred in the summary dismissal of his postconviction petition as frivolous and patently without merit; and (2) appellate counsel was ineffective for failing to raise a meritorious speedy trial issue and for failing to argue the circuit court erroneously extended the speedy trial term.

¶ 27    The Post-Conviction Hearing Act (ACT) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris,* 236 Ill. 2d 345, 354 (2010). A proceeding under the Post-Conviction Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English,* 2013 IL 112890, ¶2l. The defendant must show he suffered a substantial deprivation of his federal or state constitutional rights. *People v. Caballero,* 228 Ill. 2d 79 (2008).

¶ 28    Pursuant to the Act, a postconviction proceeding has three distinct stages. 725 ILCS 5/122-1 *et. seq.* (West 2022); *People v. McMillen*, 2021 IL App (1st) 190442, ¶ 10. During the first stage,

the defendant files a petition, and the circuit court determines whether it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition is frivolous or patently without merit when it has no arguable basis in law or fact. *People v. Tate*, 2012 IL 112214, ¶ 9. To survive dismissal, a petition must present the "gist" of a constitutional claim and allege facts that invoke the Act. *People v. Williams*, 2024 IL 127304, ¶ 15. While a *pro se* petition does not need to set forth a complete and detailed factual recitation, it must set forth facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent. *Id.* (citing *People v. Hodges*, 234 Ill.2d 1, 10).

¶ 29    At the first stage, the allegations of fact are considered true, "so long as those allegations are not affirmatively rebutted by the record." *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 47. We review the summary dismissal of a postconviction petition at the first stage *de novo*. *Hodges* 234 Ill. 2d at 11. See also, *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 30    Our supreme court has stated that a petition has no valid basis for argument where it "is based on an indisputably meritless legal theory or a fanciful factual allegation" to clarify, an argument that is "fantastic or delusional," or is "completely contradicted by the record." *Hodges*, 234 Ill. 2d at 11-12; *People v. Brown*, 236 Ill. 2d 175, 185 (2010); see also *People v. Ross*, 2015 IL App (1st) 120089, ¶ 31. When a postconviction petitioner asserts claims that could have been raised on direct appeal, the petitioner can avoid the procedural bar of forfeiture by casting his claims as ineffective assistance of appellate counsel for failing to raise the issues on direct appeal. *People v. Williams*, 2024 IL 127304, ¶ 20. We find that Cotledge avoided potential forfeiture by arguing ineffective assistance of appellate counsel. *Id.* Also, "this appeal concerns *de novo* review of the petition, not the parties' prior arguments, and any forfeiture of those arguments is a limitation on the parties and not on this court." See *People v. Ratliff*, 2024 IL 127304, ¶ 21.

¶ 31    Here, the circuit court held, "Petitioner provided no documentation to show what issues or constitutional challenges appellate counsel raised on direct appeal. There is attached no copy of an appellate brief and no transcript from any oral argument. There is no explanation as to why such documentation has not been provided. *** It is an incomplete and fanciful allegation. As such, it has no arguable basis in law or fact." The circuit court summarily dismissed the petition.

¶ 32    In this appeal, Cotledge claims that while the circuit court did not do so, this court should address the merits of his claim of ineffective assistance of appellate counsel. He argues that appellate counsel was ineffective for failing to raise a meritorious speedy trial issue on direct appeal. The State contends that summary dismissal was proper because Cotledge's claim is barred by *res judicata*. The State further asserts that the speedy trial issue was litigated in both the trial and appellate court and are "merely re-phrased to evade issue preclusion." We note that an ineffective-assistance claim circumvents the doctrines of *res judicata* and waiver in a postconviction proceeding. *People v. Childress*, 191 Ill. 2d 168, 175 (2000). In addition, it presents an appropriate way to get the statutory speedy trial claim before the circuit court in a postconviction petition.

¶ 33    The constitutional issue of whether appellate counsel was ineffective has not been addressed by this court, and as previously stated, we will address Cotledge's ineffective assistance of appellate counsel claims.

¶ 34    We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant must establish: (1) the conduct of trial counsel fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced defendant such that a "reasonable probability" exists that the result would have been different but for the deficient performance. *Id*. at 687-88, 694. A defendant must satisfy both

prongs of the standard, and "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, *** that course should be followed." *Strickland*, 466 U.S. at 697.

¶ 35 Claims of ineffective assistance of appellate counsel are also reviewed under the same standard set forth in *Strickland*. *People v. Petrenko*, 237 Ill. 2d 490 (2010) at 497. To succeed on a claim of ineffective assistance of appellate counsel, Cotledge must establish: (1) the failure to raise an issue was objectively unreasonable; and (2) but for the failure to raise the issue, the trial court's ruling would have been reversed. *People v. Flores*, 153 Ill. 2d 264 (1992) at 277.

¶ 36 If Cotledge could establish that his appellate counsel's failure to raise the speedy trial issue fell below an objective standard of reasonableness, he would still not be able to demonstrate that this failure prejudiced him. Specifically, he cannot show that, but for his appellate counsel's deficiency, there was a reasonable probability that the outcome would have been different. *Id*. Prior to ruling on Cotledge's direct appeal, we allowed Cotledge to file a *pro se* supplemental brief in which he raised the issue of the alleged violation of his speedy trial rights. We addressed his *pro se* arguments regarding his right to a speedy trial, the circuit court's alleged error in extending the speedy trial term, and appellate counsel's refusal to argue that the State failed to prove due diligence in its communication with Bhagat. *People v. Cotledge*, 2022 IL App (1st) 201209-U. We found that Cotledge "continued to agree to delays, or actively cause delays, for over a year and raised no objection to them until December 16, 2019. Given his active contribution to the delay of his trial, he cannot now use his right to a speedy trial to attack his conviction after the fact." *Cotledge*, 2022 IL App (1st) 201209-U citing *People v. Hartfield*, 2022 IL 126729, ¶ 35.

¶ 37 In the direct appeal, we also found that the State could not determine how long the Department would take to grant Bhagat's visa and Bhagat was a necessary witness, thus, based on the State's averments, "the trial court did not abuse its discretion in finding the State had exercised

due diligence in obtaining Bhagat's testimony and extending the speedy trial period by 60 days."

*Cotledge*, 2022 IL App (1st) 201209-U, ¶ 94. We held that Cotledge was not denied his right to a speedy trial, and the trial court properly concluded that Cotledge was responsible for delaying his trial. Here, we find that appellate counsel's performance was not deficient for not raising the speedy trial issue on direct appeal because this court found there was no violation of the speedy trial act.

¶ 38                                      IV. CONCLUSION

¶ 39    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 40    Affirmed.